UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMUEL FLORES,

        Plaintiff,

v.                                              Case No:   6:21-cv-16-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   OPPOSED MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412 (Doc. No. 39)
>
> **FILED:**     March 15, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff instituted this action on January 4, 2021, challenging the denial of his application for Supplemental Security Income benefits by the Commissioner of Social Security ("Commissioner"). Doc. No. 1. On July 5, 2022, the Court entered

a Memorandum of Decision reversing and remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 32. In addressing Plaintiff's sole assignment of error, the Court determined that the ALJ had provided an insufficient analysis with regard to the opinions of one of Plaintiff's treating physicians—Gary Weiss, M.D., a neurologist. Doc. No. 32. Specifically, the Court found lacking the ALJ's assessment of the supportability of Dr. Weiss's opinions, as is required under the applicable version of the Social Security Regulations. *Id.* at 13–17. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Judgment was entered in favor of Plaintiff and against the Commissioner on July 6, 2022. Doc. No. 33. The Commissioner thereafter filed a motion to alter or amend that judgment, but the Court denied the motion. Doc. Nos. 34, 38.

Now before the Court is Plaintiff's Opposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 ("EAJA"). Doc. No. 39. In response, the Commissioner requests that the motion be denied, arguing that her position was substantially justified, and that there was a reasonable basis both in law and in fact for her position in this case. Doc. No. 40. In an authorized reply, Plaintiff argues that because the Court determined that the ALJ did not properly consider the supportability factor as required by the regulations, his motion should be granted. Doc. No. 42, at 2–3. Plaintiff also contends that the

purpose of the EAJA would be thwarted if Defendant's position is accepted. *Id.* at 2.

A party may recover an award of attorney fees against the government provided that the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2). The only requirement in dispute here is whether the Commissioner's position was substantially justified. Doc. Nos. 39–40, 42.

"The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'—i.e. when it has a reasonable basis in both law and fact." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (quoting *United States v. Douglas,* 55 F.3d 584, 588 (11th Cir. 1995)). The burden of proof rests with the Commissioner. *See id.* The Court reviews the Commissioner's position as a whole, not only as to isolated issues. *See id.* at 1427–31. Factors considered, but not individually dispositive, include: the state at which the litigation was resolved; views expressed by other courts on the merits; the legal merits of the government's position; the clarity of the governing law; the foreseeable

length and complexity of the litigation; and the consistency of the government's position. *Jean v. Nelson*, 863 F.2d 759, 767 (11th Cir. 1988), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990).

Here, as demonstrated by the authority cited by the Commissioner in her response, "reasonable minds could differ as to the correct outcome of the case." *See Molina v. Comm'r of Soc. Sec.*, 750 F. Supp. 2d 1341, 1345 (M.D. Fla. 2010). *See also* Doc. No. 40, at 3–4 (citing cases). And the Court notes that "[s]imply because the government lost its case does not raise a presumption that the government's position was not substantially justified." *Eubanks-Carswell v. Saul*, No. 8:18-cv-1238-T-AAS, 2019 WL 6769856, at *2 (M.D. Fla. Dec. 12, 2019). Indeed, although the record could have supported the ALJ's position, here, the Court merely found that the ALJ did not adequately explain it. *See* Doc. No. 32. Accordingly, upon consideration, the Court finds that Commissioner's position was substantially justified in this case. *See Molina*, 750 F. Supp. 2d at 1345–46 (finding the Commissioner's position substantially justified where reasonable minds could differ on the correct outcome of the case, and evidence existed in the record to support the decision but the ALJ's analysis was lacking); *Hommell v. Comm'r of Soc. Sec.*, No. 6:12-cv-102-Orl-31GJK, 2013 WL 2919638, at *2 (M.D. Fla. June 13, 2013) (finding that the Commissioner's position was substantially justified where she relied on non-binding authority that supported her position, noting that "[t]he

- 4 -

government may be justified in litigating a legal question that is unsettled within the circuit"). *See also Barry v. Comm'r of Soc. Sec.*, No. 2:19-cv-510-JLB-NPM, 2022 WL 5250189, at *4 (M.D. Fla. July 22, 2022), *report and recommendation adopted*, 2022 WL 5243128 (M.D. Fla. Oct. 6, 2022) (finding the Commissioner's position substantially justified "given the then-existing guidance and case law").

Given that the Court finds that the Commissioner' position was substantially justified, Plaintiff's Motion (Doc. No. 39) will be **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2023.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties